# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT COURT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| Nancy Kamau<br><br>　　Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Nancy Kamau, ("Nancy"), is a natural person who resided in Decatur, Illinois, at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. AA uses a predictive dialer system.

6. Before AA began contacting Nancy, it and Nancy had no prior business relationship and Nancy had never provided express consent to AA to be contacted on her cellular telephone.

7. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AA's revenue is debt collection.

9. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AA contacted Nancy to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Nancy is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AA willingly and knowingly used an automatic telephone dialing system to call Nancy on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around December 2013, AA contacted Nancy on Nancy's cellular phone in connection with the collection of the debt.

15. Around the beginning of February 2014, Nancy requested AA cease further calls to Nancy.

16. Despite this request, AA contacted Nancy on numerous occasions, on Nancy's cellular phone in connection with the collection of the debt.

17. On at least one occasion, AA told Nancy AA never spoke with Nancy, so AA could continue to call Nancy.

18. Nancy repeatedly requested AA cease further calls to Nancy.

19. AA caused Nancy severe emotional distress.

20. AA attempted to collect a debt from Nancy.

21. AA violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violations of the Telephone Consumer Protection Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC, LPA


                By:   /s/ Jeffrey S. Hyslip
                One of Plaintiff's Attorneys

Date: June 24, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th Street, Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com